UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>                    Plaintiff,<br><br>     v.<br><br>HAROON AL RASHID, individually and dba RAHMAN GAS AND MARKET aka TRIPLE R GASOLINE<br><br>                    Defendants. | Case No.  1:22-cv-00674-ADA-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT[1]<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>(Doc. No. 9) |

Pending before the Court is Plaintiff's Motion for Default Judgment filed pursuant to Fed. R. Civ. P. 55(b). (Doc. No. 9, "Motion"). The Defendant has not answered nor responded to the Complaint. Nor have Defendant filed any opposition or taken any actions in this case. The Court found the Motion suitable for disposition without oral argument under Civil Local Rule 230(g) and vacated the hearing scheduled for February 8, 2023. (Doc. No. 10). For the reasons set forth below, the undersigned recommends the district court grant in part Plaintiff's Motion.

I. BACKGROUND

On June 3, 2022, Plaintiff Darren Gilbert commenced this action by filing a complaint against Defendant Haroon Al Rashid, doing business as Rahman Gas and Market a/k/a Triple R Gasoline, (collectively referred to as "Defendant") alleging violations of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq*; the California

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

Unruh Act, California Civil Code § 51 *et seq.*; and California Health & Safety Code §§ 19955, 19959. (Doc. No. 1, "Complaint"). Plaintiff seeks an award of statutory damages, costs of suit, attorney's fees, litigation expenses, injunctive or preventative relief, and interest at the legal rate from the date of filling of the Complaint. (*Id.* at 8).

The Complaint sets forth the following facts in support of Plaintiff's claims. Plaintiff is a person with physical disabilities and is "substantially limited in his ability to walk," requiring the use of a wheelchair, knee scooter, or prosthetic for mobility. (*Id* at 2, ¶8). Defendant is the alleged owner, operator, or lessor of Rahman Gas and Market, a/k/a Triple R Gasoline (hereinafter referred to as "the Facility") which is located at 2925 E. Whitmore Avenue, Ceres, CA. (*Id*. at 1, ¶¶1-2; at 2, ¶7). The Facility is open to the public and intended for non-residential use and affects commerce. (*Id*. at 2, ¶9). On December 18, 2021, Plaintiff, who lives less than ten miles from the Facility, visited the Facility to purchase refreshments, but "barriers" prevented him from accessing their "goods, services, privileges and accommodations." (*Id.* at 2-3, ¶10). Specifically, there was no curb ramp at the Facility entrance and Plaintiff had difficulty stepping over the curb while using his prosthetic, and there was an extension cord taped to the floor at the Facility entrance, which created an excessive height change causing Plaintiff to almost trip. (*Id*. at 3 ¶10). As a result, Plaintiff was deterred from visiting the Facility but states he will return once the barriers are removed. (*Id*. ¶12).

Plaintiff filed a Proof of Service of Summons as to Defendant Haroon Al Rashid, individually and doing business as Rahman Gas and Market a/k/a Triple R. Gasoline, on August 1, 2022. (Doc. No. 4). Defendant never appeared nor answered. *See* docket. On August 31, 2022, Plaintiff requested the Clerk of Court enter a Rule 55(a) clerk's default against the Defendant. (Doc. No. 6). The Clerk of Court entered the default on the same day. (Doc. No. 7). On December 9, 2022, Plaintiff filed this Motion seeking a default judgment as to all defendants. (Doc. No. 9).

On March 13, 2023, the Court ordered Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act and California Health and Safety Code claims for the reasons set forth in *Vo v. Choi*, 49 F.4th 167 (9th Cir. 2022) and

*Arroyo Jr. v. Rosas*, 19 F.4th 1202 (9th Cir. 2021). (Doc. No. 11). Plaintiff failed to respond to the Court's March 13, 2023 Order. *See* docket. On August 15, 2023, the undersigned issued findings and recommendation to decline supplemental jurisdiction over Plaintiff's Unruh Act and Health and Safety Code Claims. (Doc. No. 12). On September 6, 2023, the district court adopted the findings and recommendation in full, declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act and Health and Safety Code claims, and dismissed Plaintiff's Unruh Act and Health and Safety Code claims without prejudice. (Doc. No. 13).

## II. ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 55(b)(2) allows the court to enter judgment against a party following the Clerk of Court's entry of default under 55(a). The court cannot enter default judgment if the defendants were not properly served. *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). If the court determines service was proper, the court is bound to undertake an analysis applying the "*Eitel*" factors enumerated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) before entering a default judgment. Specifically, the court considers the following factors: (1) the potential prejudice to the plaintiff, (2) the underlying claim's merits and sufficiency, (3) the amount of money at stake, (4) the possibility of a factual dispute, (5) whether the default resulted from excusable neglect, and (6) the court's overriding preference to issue decisions on the merits. (*Id*).

After the clerk enters a default, the court shall accept "as true all factual allegations in the complaint, except those as to the amount of damages." *Yoon Chul Yoo v. Arnold*, 615 F. App'x. 868, 870 (9th Cir. 2015); Fed. R. Civ. P. 8(b)(6). Allegations about "the amount of damages must be proven." *Strojnik v. JW World Enterprises, Inc. Best W. Bakersfield N.*, 2021 WL 22137, at *1 (E.D. Cal. Jan. 4, 2021). The court also does not accept facts that are not well pled or statements that constitute conclusions of law. *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1078 (C.D. Cal. 2012). Ultimately, the decision of whether to grant a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

////

B. The *Eitel* Factors

    1. Defendants Were Properly Served with Process

Defendants were properly served, and the Clerk of Court rightfully entered defaults against defendants. (Doc. Nos. 4, 7). Service is effectuated under Federal Rule of Civil Procedure 4(e) by "following state law for serving a summons . . . in the state where the district court is located or where service is made," or by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." California law permits service of the summons and complaint by personal service or by leaving them with a "competent member of the household or a person apparently in charge of his or her office [or] place of business," among other methods. Cal. Code Civ. P. § 415.10-20. All methods require that the service be handled by an individual who is not a party to the action. (*Id.*).

The record reflects a registered process server personally served a person identified as the manager and the person apparently in charge of Defendant Haroon Al Rashid's place of business at the Facility on July 10, 2022, at 12:40 p.m. (Doc. No. 4). The person apparently in charge of the Facility refused to give his name but was described as a twenty-five- to thirty-five-year-old John Doe. (*Id.*). On July 20, 2022, a registered process server also mailed, via first-class mail, a copy of the complaint and summons to Defendant Haroon Al Rashid using the address for the Facility. (*Id.*). California law permits service by leaving a copy of the summon and complaint with a person of at least 18 years of age at a defendant's office during usual office hours, and after leaving a copy of the summons and complaint, the complaint and summons must be mailed, via first-class mail, to the defendant at his or her place of business. See Cal. Civ. Proc. Code §§415.10, 415.20(b). Therefore, because service on Defendant Haroon Al Rashid complies with California law and the proof of service was filed, Defendant Paramjit Singh was properly served consistent with Fed. R. Civ. P. 4.

    2. Application of the Six *Eitel* Factors

        a. Potential Prejudice to Plaintiff

The Court first considers whether Plaintiff will suffer prejudice if a default judgment is not entered. When a defendant neglects to respond to a complaint, a plaintiff lacks means to

recover beyond a default judgment. *True Religion Apparel, Inc. v. Jet 2A*, 2009 WL 10671791, at *3 (C.D. Cal. Feb. 11, 2009). Here, Plaintiff claims he wishes to patronize the Defendant's establishment, and he will continue to suffer discrimination due to his disability without recourse against the Defendant. The "[p]otential prejudice to the plaintiff militates in favor of granting default judgment." *Solis v. Orland Sand & Gravel Corp.*, 2013 WL 85403, at *3 (E.D. Cal. Jan. 8, 2013). The first *Eitel* factor therefore weighs in favor of default judgment.

### b. The Underlying Claim's Merits and Sufficiency

The Court next weighs the merits and sufficiency of Plaintiff's Complaint. Default judgment will only be granted if the plaintiff's complaint states a claim that supports the desired relief. *Danning v. Lavine,* 572. F.2d 1386, 1388 (9th Cir. 1978); *Wells Fargo Equip. Fin., Inc. v. Virk Sys., Inc.*, 2021 WL 347408, at *2 (E.D. Cal. Feb. 2, 2021). While well-plead "allegations in the complaint are admitted by a defendant's failure to respond, 'necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Soto v. Rio Gary II, L.P.*, 2022 WL 112047, *2 (C.D. Cal. Jan. 12, 2022) (citing *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Plaintiff's Complaint alleges Defendant violated Title III of the ADA, which provides that in public places of accommodation "[n]o individual shall be discriminated against on the basis of disability." 42 U.S.C. § 12182(a). To prevail on a Title III ADA claim, Plaintiff "must establish that: (1) he is disabled within the meaning of the ADA; (2) [Defendant] is a private entity that owns, leases, or operates a place of public accommodation; and (3) [Defendant] discriminated against him by denying him public accommodations because of his disability." *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1033 (9th Cir. 2020).

The ADA defines disability as "[a] physical or mental impairment that substantially limits one or more major life activities ... [,] a record of such an impairment [,] or being regarded as having such an impairment." 42 U.S.C. § 12102(1). Major life activities as defined by the ADA include walking and standing. *Id.*, § 12102(2). Plaintiff represents he is "physically disabled" and requires the use of a wheelchair, knee scooter, or prosthetic. (Doc. No. 1 at 2, ¶8). Accepting the allegation as true, Plaintiff is deemed to have physical impairment that substantially limits the

major activity of walking and standing and therefore is disabled within the meaning of the ADA.

Plaintiff, who lives less than ten miles from the Facility, states that he arrived at the Facility on or about December 18, 2021, with the intention of patronizing the business. (*Id*. at 2-3, ¶10). Plaintiff had trouble stepping over the curb while using his prosthetic because there was no curb ramp at the Facility's entrance. (*Id*. at 3 ¶10). Additionally, Plaintiff almost tripped over an extension cord taped to the floor near the Facility's entrance. (*Id*.). As a result, Plaintiff was and continues to be deterred from vising the Facility. (*Id*. at ¶12).

Plaintiff claims he is disabled under the ADA and his depiction of the Facility is one of public accommodation. Despite the Facility being a place of public accommodation, Plaintiff was unable to access the Facility's services due to architectural barriers. Such barriers to access are "discrimination" under the ADA. 42 U.S.C. § 12182(b)(2)(A)(iv). Because these facts are taken as true following Defendants' entry of default, Plaintiff has stated a *prima facie* Title III discrimination claim. Given the district court's ruling to decline supplemental jurisdiction over Plaintiff's Unruh Act and California Health and Safety Code claims, the undersigned omits any evaluation of the sufficiency of these claims. (*See* Doc. Nos. 12, 13).

While Plaintiff's Complaint is largely boilerplate, his allegations are taken as true due to Defendant's default. Therefore, Plaintiff sufficiently pled his claims and demonstrated that they have merit. *Trujillo v. GH Food Mart, Inc*., 2020 WL 4697139, at *4 (E.D. Cal. Aug. 13, 2020). Plaintiff's Complaint meets the low bar to put Defendant on notice by providing enough factual details to determine how he was denied full and equal enjoyment of the Facility. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, at 1177 (9th Cir. 2021) (holding that a complaint cannot recite legal conclusion and the elements of an ADA claim but must put a defendant on notice by alleging sufficient factual details to determine how a plaintiff was denied full and equal enjoyment of the premises); *see also Gilbert v. HBA Enter., Inc.*, 2022 WL 2663761 (E.D. Cal. Jul. 8, 2022); *Trujillo*, 2022 WL 2236932. As such, the second *Eitel* factor weighs in favor of default judgment.

    c. <u>The Amount of Money at Stake</u>

Default judgment "is disfavored where large amounts of money are involved."

6

*Christofferson v. All Pure Pool Serv. of Cent. California, Inc.*, 2020 WL 3249323, at *19 (E.D. Cal. June 16, 2020), report and recommendation adopted sub nom. *Christofferson, v. All Pure Pool Serv. of Cent. California, Inc*, WL 3819413 (E.D. Cal. July 8, 2020). Here, Plaintiff seeks statutory damages in the amount of $4,000.00, plus $3,074.23 in attorney's fees and costs. Plaintiff's request for statutory damages is premised on his Unruh Act claim. (Doc. No. 9-1 at 4-7). Because the district court declined supplemental jurisdiction over Plaintiff's Unruh Act claim, the undersigned recommends that the district court deny Plaintiff's request for $4,000.00 in statutory damages. Thus, only Plaintiffs' request for attorney fees remains. Given the rather modest sum of the attorney fees requested, the undersigned finds the third factor weighs in favor of default judgment.

d. The Possibility of a Factual Dispute

The Clerk of Court's entry of default requires this Court to accept Plaintiff's well-pled factual allegations as true. Despite being properly served, Defendant failed to appear, answer, or otherwise respond. Thus, the only facts before the Court are those presented by Plaintiff in the Complaint, which are well-pled and must be accepted as true. There is accordingly no factual dispute. *United Specialty Insurance Co. v. Saleh*, 2016 WL 4434479, at *2 (E.D. Cal. Aug. 22, 2016). Thus, the fourth *Eitel* factor does not preclude entry of a default judgment.

e. Whether the Default Resulted from Excusable Neglect

Defendant was properly served yet has not appeared over a year since service was effectuated. When service is proper it suggests there was not excusable neglect. *USA Truck, Inc. v. Jugan Express Inc.*, 2020 WL 2128387, at *2 (E.D. Cal. May 5, 2020), *report and recommendation adopted*, 2020 WL 3451580 (E.D. Cal. June 24, 2020). The undersigned therefore finds the fifth *Eitel* factor weighs in favor of default judgment.

f. The Court's Overriding Preference to Issue Decisions on the Merits

*Eitel* emphasizes that "[c]ases should be decided upon their merits whenever reasonably possible." 782 F.2d at 1472. Here, with no appearance from Defendant, there is no reasonable possibility of deciding this matter on the merits. Because this sixth and each of the above *Eitel* factors overwhelmingly weigh in favor default judgment, the undersigned recommends the

7

district court grant Plaintiff's motion for default judgment.

### 3. Terms of the Judgment and Proof of Damages

#### a. Injunctive Relief

Plaintiff seeks injunctive relief requiring Defendants to make a change and alteration to their businesses. (Doc. No. 9-1 at 3-5). For Title III ADA violations "only injunctive relief is available." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). Injunctive relief "may be granted when architectural barriers at defendant's establishment violate the ADA." *Kraus v. Rattu*, 2020 WL 526105, at *5 (E.D. Cal. Feb. 3, 2020), *report and recommendation adopted*, 2020 WL 1274269 (E.D. Cal. Mar. 17, 2020). Plaintiff alleges the Facility was designed or constructed after January 26, 1993, therefore the 1991 ADA Standards for Accessible Design apply for purposes of determining whether a barrier existed. (Doc. No. 1 at 5, ¶23). However, because any remedial work to the Facility will occur after March 15, 2012, Plaintiff submits the 2010 standards govern any injunction. (Doc. No. 9-1 at 3).

A plaintiff bears the initial burden to "plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances. *Lopez*, 974 F.3d at 1038. A plaintiff is not required to give precise cost estimates or give specific designs for the proposed accommodations. *Id*. Plaintiff identifies two barriers: no curb ramp at the Facility entrance and an extension cord taped to the floor at the Facility's entrance, which created an excessive height change. The undersigned finds removal of first barrier is readily achievable, as it can be completed without difficulty or expense by installing a properly configured curb ramp or making curb cuts into sidewalk and entrance. "'Installing ramps' and 'making curb cuts in sidewalks and entrances' have been identified as 'examples of readily achievable steps to remove barriers.'" *Gilbert v. Jabar Wireless Inc.*, 2023 WL 3055108, at *4 (E.D. Cal. Apr. 24, 2023) (citing *Johnson v. Altimira Corps.*, 2017 WL 1383469, at *3 (N.D. Cal. Mar. 27, 2017)), *findings and recommendations adopted by*, 2023 WL 405431 (E.D. Cal. Jun. 16, 2023). Furthermore, the undersigned finds the removal of second barrier, removal of the taped cord at the Facility entrance is "easy accomplishable and able to be carried out without much difficulty or expense" and therefore is readily achievable. 43 U.S.C. § 12181.

8

Accepting Plaintiff's allegations as true and considering Defendants' nonresponse, the undersigned finds Plaintiff is entitled to the requested injunctive relief requested. The undersigned accordingly recommends injunctive relief requiring Defendants, within sixty (60) days of the district court's order, to remove the barriers by providing: (1) a curb ramp to afford an accessible route crossing the curb to the Facility entrance as required by 1991 ADAAG § 4.7.1 and 2010 ADAAG § 406; and (2) level and clear entrance by removing the taped cord as required by 1991 ADAAG § 4.13.6 ("The floor or ground area within the required [maneuvering] clearances shall be level and clear.") and 2010 ADAAG § 404.2.4.4 ("Floor or ground surface within required maneuvering clearances shall comply with 302. Changes in level are not permitted.").

b. Statutory Damages

The district court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act and Health and Safety Code Claims. (*See* Doc. Nos. 12, 13). Accordingly, because the district court declined to exercise supplemental jurisdiction over Plaintiff's state law claims, the undersigned recommends that the district court decline to award Plaintiff $4,000.00 in statutory damages under the Unruh Act.

c. Attorney's Fees and Costs of Litigation

The ADA permits the recovery of attorney's fees and costs upon receiving injunctive relief. 42 U.S.C. § 12205. Attorney's fee awards are calculated using the lodestar method, which multiplies the numbers of hours reasonably spent on the matter with a reasonable hourly rate. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018). When "calculating a fee applicant's lodestar, a court has discretion to exclude hours that were not reasonably expended by counsel. *McDonald v. Navy Exch. Serv. Command*, 691 F. App'x 448, 449 (9th Cir. 2017) (internal quotations omitted).

Plaintiff's counsel seeks an award of $2,140.00 for total billable time spent by the Moore Law Firm, plus $934.23 for costs and litigation expenses. (Doc. No. 9-1 at 6-7.) The billable time encompasses: (1) $1,680.00 for 5.6 hours worked by attorney Tanya E. Moore at an hourly rate of $300.00; (2) $126.50 for 1.1 hours worked by paralegal Whitney Law at an hourly of

9

$115.00; and (3) $333.50 for 2.9 hours worked by paralegal Isaac Medrano at an hourly rate of $115.00.  (*Id*.).

### i. Billable Time

Plaintiff's counsel provided the court with the time entries detailing the firm's efforts in this matter.  (Doc. No. 9-3 at 2-4).  These entries do not indicate time was unreasonably expended.  While certain paralegal entries include calendaring deadlines, these tasks were dependent upon a review of the Court's Orders; and thus, do not appear to justify reductions as merely clerical functions.  The Court previously recognized in December 2022 that a paralegal hourly rate of $115.00 was reasonable.  *Trujillo v. 4B Market Incorporated, et al.*, 2022 WL 17667894 (E.D. Cal. Dec. 14, 2022); *findings and Recommendations adopted in full*, 2022 WL 18027841 (E.D. Cal. Dec. 30, 2022).  Similarly, this Court additionally has previously determined in December 2020 that a $300.00 hourly rate was reasonable where the lead attorney has considerable experience in ADA matters.  *Id*.  Ms. Moore has been an attorney for over 20 years with the last 10 years specially practicing in "disability access litigation."  (Doc. No. 9-2 at 2).  Because both the time spent and rate requested are reasonable, the undersigned recommends Plaintiff's counsel be awarded $2,140.00 in attorney's fees.

### ii. Litigation Expenses and Costs

Plaintiff moves to recover litigation expenses and costs of $934.23.  (Doc. Nos. 9-1 at 5-7; 9-3 at 7-12).  Plaintiff has attached receipts for the filing fee, a pre-filing investigation, and process server fees, which are recoverable under the ADA.  *Trujillo v. La Valley Foods, Inc.*, 2017 WL 2992453, at *7 (E.D. Cal. July 14, 2017); *Moralez v. 76 Orinda*, 830 F. App'x 209, 210 (9th Cir. 2020); 42 U.S.C. § 12205.  The receipts include: (1) an invoice in the amount of $164.72 from One Legal for unsuccessful service on Defendant Haroon Al Rashid dated June 28, 2022 (Doc. No. 9-3 at 7); (2) an invoice in the amount of $113.76 from One Legal for the service on Defendant Haroon Al Rashid dated July 22, 2022 (*Id*. at 8); (3) a receipt in the amount of $402.00 for this Court's filing fees dated April 24, 2022 (*Id*. at 10); and (4) an invoice from Robert Ferris Investigations in the amount of $253.75 for a pre-filing investigation dated May 9, 2022 (*Id*. at 12).  These receipts total $934.23.  Accordingly, the undersigned recommends that

Plaintiff be awarded the sum of $934.23 for litigation expenses and costs.

Below is a summary of the total amount in attorney fees and costs the undersigned recommends be awarded to Plaintiff's counsel:

| Professional | Hourly Rate | Hours | Total |
|---|---|---|---|
| Ms. Tanya E. Moore | $300.00 | 5.6 | $1,680.00 |
| Ms. Whitney Law | $115.00 | 1.1 | $126.50 |
| Mr. Isaac Medrano | $115.00 | 2.9 | $333.50 |
| Costs and Expenses | | | $934.23 |
| | | **Total** | $3,074.23 |

Accordingly, it is **ORDERED**:

Plaintiff **must** mail a copy of these findings and recommendations to Defendants at their last known address and file with the court proof of service within fourteen (14) business days of the date of this Order.

It is further **RECOMMENDED**:

Plaintiff's Motion for Default Judgment (Doc. No. 9) be GRANTED in part as follows:

    a. Judgment be entered in Plaintiff's favor and against Defendants;

    b. The district court decline to award Plaintiff statutory damages in the amount of $4,000.00;

    c. Plaintiff be awarded attorney's fees, litigation expenses and costs in the amount of $3,074.23; and

    d. Defendants be required within sixty (60) days of the district court's order be required to (1) properly configure a curb ramp at the Facility affording an accessible route crossing the curb to the Facility entrance as required by 2010 ADAAG § 406; and (2) provide a level and clear entrance at the Facility as required by 2010 ADAAG § 404.2.4.4.

////

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   September 11, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE